IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KENNETH WRIGHT,

        Plaintiff,

    v.

KELLER LUMBER COMPANY,

        Defendant.

Case No. 6:15-cv-01122-AA
OPINION AND ORDER

---

Robert K. Meyer
Attorney at Law
888 S.W. 5th Avenue, Suite 560
Portland, Oregon 97204

Michael V. Owens
Owens & McBreen, P.C.
319 S.W. Washington Street, Suite 614
Portland, Oregon 97204
    Attorneys for plaintiff

Dennis W. Percell
Arnold Gallagher, P.C.
800 Willamette Street, Suite 800
Eugene, Oregon 97401
    Attorney for defendant

Page 1 - OPINION AND ORDER

AIKEN, Judge:

This dispute over attorney fees arises out of plaintiff Kenneth Wright's claim alleging defendant Keller Lumber Company discriminated against him based on his sex and sexual orientation in violation of Title VII of the Civil Rights Act of 1964 and Or. Rev. Stat. § 659A.030. Defendant proposed an offer of judgment ("Offer"), which plaintiff accepted, resulting in a settlement of $32,500 in damages. Plaintiff now moves for an order awarding attorney fees and costs. *See* Doc. 13. For the reasons set forth below, plaintiff's motion is granted in part and denied in part, and plaintiff is awarded $25,342.50 in attorney fees and $2,215.92 in costs.

## STANDARD

"42 U.S.C. § 1988[] authorizes district courts to award a reasonable attorney[] fee to prevailing civil rights litigants." *Blum v. Stenson*, 465 U.S. 886, 893 (1984). "The district court has discretion in determining what fees are 'reasonable.'" *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983)). "When determining a reasonable fee award, the court must start by calculating the lodestar amount, which is the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id.* (quoting *Hensley*, 461 U.S. at 433). The plaintiff carries the burden of proving the lodestar. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986).

"The court may then adjust the lodestar amount based on several factors." *Chaudhry*, 751 F.3d at 1110. These factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill [required], (4) the preclusion of other employment by the attorney . . . , (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys,

(10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Additionally, a court may exclude billed hours "for which it would be unreasonable to compensate the prevailing party." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013).

## DISCUSSION

I.  *Attorney Fees*

Plaintiff requests a total of $35,909.00 in attorney fees for 114.6 hours billed by two attorneys, Robert Meyer and Michael Owens, and one paralegal, Felesha Valdez. Defendant opposes plaintiff's request, arguing: (1) plaintiff's hourly rates are unreasonable; (2) the Offer included a waiver of attorney fees for post-Offer hours; and (3) plaintiff's counsel billed excessive hours.

A.  *Reasonableness of Hourly Rates*

Plaintiff requests rates of $340 per hour for Mr. Meyer, $225 per hour for Mr. Owens, and $125 per hour for Ms. Valdez. Plaintiff supports these numbers by comparing them to the hourly rates in the Oregon State Bar Economic Survey ("Survey")[1] and with several declarations. Defendant asserts Mr. Meyer's and Mr. Owens' rates are unreasonably high "considering their experience and the nature of the case."[2] Doc. 23 at 1.

Reasonable attorney fees under 42 U.S.C. § 1988 are calculated based on "the prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895. "Generally, when determining a

---

[1] The most recent Survey was published in 2012 and is available at https://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf.

[2] Defendant did not contest the reasonableness of Ms. Valdez's hourly rate. After review, the Court finds Ms. Valdez's rate is reasonable.

Page 3 - OPINION AND ORDER

reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The District of Oregon uses the Survey as the initial benchmark for the reasonableness of the rate. *Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002). When a party filed the underlying action in the Eugene Division of the District of Oregon, the relevant community in the Survey is generally the Lower Valley. *McKenzie Flyfishers v. McIntosh*, 2016 WL 446880, *3 (D. Or. Jan. 22, 2016). Nonetheless, "rates outside the forum may be used 'if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)).

Defendant contends the appropriate comparative hourly rate for plaintiff's counsel is a blending of the Portland and Lower Valley Survey rates, because even though plaintiff's counsel are located in Portland, the litigation arose out of events in Roseburg, Oregon and the action was filed in the Eugene Division of the District of Oregon. While the underlying action was filed in the Eugene Division, plaintiff has presented evidence that Roseburg-based counsel for labor and employment disputes is generally unavailable: of the twenty-four labor and employment attorneys who accept cases in the Roseburg area, nineteen are physically located in Portland. Because local counsel is generally unavailable, this Court may consider hourly rates outside of the relevant community in its reasonableness determination. Based on a review of outside rates, this Court finds Portland Survey rates, where plaintiff's counsel are physically located, to be the appropriate rates for comparison.

Page 4 - OPINION AND ORDER

Based on the Portland Survey rates for attorneys with comparable experience, Mr. Meyer's and Mr. Owens' hourly rates are reasonable. Mr. Meyer has ten years of experience and requests an hourly rate of $340. Doc. 14 at 7; Doc. 15 ¶ 8. For attorneys in Portland with ten to twelve years of experience, the median hourly rate is $275 and the 95th percentile hourly rate is $428.[3] Mr. Owens has five years of experience and requests an hourly rate of $225. Doc. 14 at 8; Doc. 16 ¶¶ 3, 7. For attorneys in Portland with four to six years of experience, the median hourly rate is $218 and the 95th percentile hourly rate is $295.[4] The requested rates for both attorneys thus falls between the median and 95th percentile rates for their respective experience levels. This Court has previously found rates equal to or greater than the requested rates to be reasonable when supported by evidence of counsel's specialized experience. *See Robbins v. Columbia Collection Serv., Inc.*, 2015 U.S. Dist. LEXIS 171513, *6-7 (D. Or. Dec. 19, 2015) (approving hourly rates of $340 for attorneys with ten and eleven years of experience and $250 for an attorney with five years experience when the attorneys had specialized experience in the relevant area of law). Plaintiff's counsel provided proof of specialized experience in employment discrimination litigation and sexual orientation discrimination through several declarations. Plaintiff's declarations also show sexual orientation discrimination claims under Title VII are novel, adding complexity to counsel's representation and supporting higher hourly rates. Based on the Portland Survey rates, supporting declarations, and this Court's recent decision in *Robbins*, this Court finds Mr. Meyer's and Mr. Owens' hourly rates are reasonable.

---

[3] When adjusted for two percent yearly inflation, the rates rise to $297 and $463.

[4] When adjusted for two percent yearly inflation, the rates rise to $236 and $319.

Page 5 - OPINION AND ORDER

B. *Waiver of Post-Offer Hours Billed*

With regard to attorney fees, the Offer stated in relevant part, "This offer is exclusive of attorney fees and costs accrued as of the date and time of this offer." Doc. 11 at 4. Defendant avers the Offer only "provided for fees to the date of the Offer." Doc. 23 at 3. Therefore, because plaintiff accepted the Offer, defendant contends this Court should not award attorney fees for work conducted after the date and time the Offer was made.

Generally, "the time spent in establishing entitlement to an amount of fees awardable under [42 U.S.C. §] 1988 is compensable." *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986). "However, a settlement offer may be conditioned upon the waiver of such fees." *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995) (citing *Evans v. Jeff D.*, 475 U.S. 717, 737-38 *reh'g denied*, 476 U.S. 1179 (1986)). "Typically, a settlement agreement is analyzed in the same manner as any contract, i.e., any ambiguities are construed against the drafter." *Erdman v. Cochise Cnty., Ariz.*, 926 F.2d 877, 880 (9th Cir. 1991). The standard is even stricter for Rule 68 offers waiving or limiting attorney fees: the waiver "must be clear and unambiguous" to be enforceable. *Id.* If the waiver of post-offer fees is clear and unambiguous, the court will find the offeree waived the fees by accepting the offer. *Guerrero*, 70 F.3d at 1113.

Ninth Circuit precedents provide guidance on what constitutes a clear and unambiguous waiver of post-offer attorney fees. The language "costs *now accrued* and reasonable attorney fees as determined by the Court" is unclear and ambiguous. *Holland v. Roeser*, 37 F.3d 501, 502, 504 (9th Cir. 1994) (emphasis added). Because the modifier "now accrued" only follows "costs," it is unclear whether the modifier also limits "attorney fees." *Id.* at 504. When faced with this language, the Ninth Circuit construed the ambiguity against the drafter and held that the offer of judgment did

not waive post-offer attorney fees. *Id.* In contrast, the language "reasonable attorney fees and costs *incurred by this plaintiff prior to the date of this offer*" is clear and unambiguous. *Guerrero*, 70 F.3d at 1112-13 (emphasis added). "Incurred by this plaintiff prior to the date of this offer," placed after both "attorney fees" and "costs," clearly and unambiguously modifies both. *Id.* at 1113. Therefore, when evaluating offers with this language, the Ninth Circuit held "[b]oth attorney[] fees and costs [were] limited to those incurred prior to the date of the offers." *Id.*

The placement of the limiting modifier in the Offer mirrors the placement in *Guerrero*. The Offer places the modifier after both attorney fees and costs: "attorney fees and costs *accrued as of the date and time of this offer.*" Doc 11 at 4 (emphasis added). Because of the modifier's placement, it clearly and unambiguously limits both post-Offer attorney fees and post-Offer costs. By accepting the Offer, plaintiff agreed to waive those fees. Therefore, this Court reduces the requested attorney fees by 32.6 hours to exclude all hours billed after the date and time of the Offer.[5] Instead of the requested $10,566.50, plaintiff is awarded no attorney fees for hours billed post-Offer. *See* Doc. 15-1 at 4-5; Doc. 16 at 6.

C. *Reasonableness of Hours Billed*

Finally, defendant contends plaintiff's counsel billed excessive hours. Defendant provided itemized objections to the hours billed by Mr. Meyer and Ms. Valdez pre-Offer, but focused its memorandum on what defendant found most glaring, the hours billed to prepare the Motion for Attorney Fees and Costs.[6] As discussed above, the post-Offer hours are excluded from the attorney

---

[5] 28.1 hours are excluded at Mr. Meyer's $340 hourly rate and 4.5 hours are excluded at Mr. Owens' $225 hourly rate.

[6] In defendant's Memorandum in Opposition, defendant mistakenly states the Motion for Attorney Fees and Costs did not include support for Mr. Owens' claimed hours. To the contrary,

Page 7 - OPINION AND ORDER

fees award because of the waiver in the Offer. Therefore, this Court need only address the reasonableness of the contested pre-Offer hours. After careful review of defendant's itemized objections, this Court finds all disputed pre-Offer hours billed are reasonable and, therefore, awards attorney fees for those hours.

II.     *Costs*

Plaintiffs seek $2,215.92 in costs. Defendant has not challenged the alleged costs. Based on a review of Plaintiff's Cost Bill and Memorandum in Support (doc. 21), this Court finds the costs justified.

**CONCLUSION**

Plaintiff's Motion for Attorney Fees and Costs (doc. 13) is GRANTED IN PART and DENIED IN PART. Plaintiff's attorney fees are reduced by $10,566.50 to $25,342.50, reflecting a 32.6 hour reduction for the time billed for post-Offer hours. Plaintiff is awarded $27,558.42, broken down as follows: $25,342.50 in attorney fees and $2,215.92 in costs. Plaintiff's request for oral argument is DENIED as unnecessary.

IT IS SO ORDERED.

Dated this 30th day of March 2016.

_____
Ann Aiken
United States District Judge

---

Mr. Owens included a two-page list of descriptive attorney time entries in his Declaration in Support of Plaintiff's Motion for Attorney Fees (doc. 16). After careful review of the time entries, this Court finds the pre-Offer hours billed by Mr. Owens are reasonable.

Page 8 - OPINION AND ORDER